**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| G.T.R. a minor by and through Her father, MICHAEL ROSE and JENNIFER ROSE | : : : : | CIVIL ACTION – LAW |
| PLAINTIFFS | : : | |
| v. | : : | JURY TRIAL DEMANDED |
| JOSEPH DiCANDIA | : : | NO: 3:15-CV-02126-JMM |
| DEFENDANTS | : | |

**DEFENDANT'S BRIEF ON THE PENNSYLVANIA DOG LAW**

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of a dog bite incident which occurred on December 7, 2014. Plaintiffs' Complaint alleges that Defendant's dog bit the minor Plaintiff without provocation on that date. Plaintiff has maintained that there is strict liability in Pennsylvania for dog bites. Due to a dispute of the parties, the court has asked for each party to brief the issue and this brief is offered in support of Defendant's position.

**II.   QUESTION PRESENTED**

A.   *Does Pennsylvania law provide absolute liability for dog bite Plaintiffs?*

*Suggested Answer:  No.*

### III.    LEGAL ARGUMENT

#### A.    Liability is only imposed if Plaintiff establishes a violation of the Dog Law.

It is well established, under Pennsylvania case law, that there is no strict liability imposed on the owner of a dog for a dog bite. Pennsylvania Courts have consistently held that proof of negligence, as opposed to strict liability, is the vehicle by which accountability for an injury caused by a dog bite is to be established. This Pennsylvania standard dates back to 1876, when the Pennsylvania Supreme Court first held that proof of negligence, as opposed to strict liability, is the vehicle by which accountability for an injury caused by the bite of a domestic dog is to be established. Mann v. Weiand, 81 Pa. 243 (1876). In Mann, the Pennsylvania Supreme Court specifically concluded that, in order to hold a dog owner liable for injuries resulting from the actions of a domestic dog, a plaintiff must first show both that the dog had a vicious character, and that the dog owner had previous knowledge of the dog's vicious character. Id. at 254.

In Deardorff v. Burger, the Pennsylvania Superior Court expressly rejected the argument that a dog owner may be strictly liable under the current version of the Dog Law for any damages whatsoever associated with a dog bite. 606 A.2d 489 (Pa. Super. 1982). The court stated, "Be it statute or common law principles, we are convinced that proof of negligence, in contrast to holding one absolutely liable, is the vehicle by which accountability for injury sustained because of a dog bite is to be established. Id. at 493.

More recently, in McCloud v. McLaughlin, the Pennsylvania Superior Court cited with approval the rationale of the Deardorff court, and stated that the "Commonwealth does not impose absolute liability on the owner for dog attacks." McCloud, 837 A.2d 531, 544 (Pa. Super. 2003).

In 2005, the Pennsylvania Superior Court revisited the issue of strict liability for injuries caused by a domestic animal. Kinley v. Bierly, 876 A.2d 419 (Pa. Super. 2005). While that case involved a stallion, not a dog, the underlying legal principle was the same. The court once again held that Pennsylvania does not impose absolute liability on the owners of domestic animals. Id. The court stated, "The relevant law is clear. ***Before liability for the bite of an animal attaches, the defendant must know of have reason to know that the animal will display vicious tendencies***, as set forth in the Restatement (Second) of Torts sec. 518, and Andrews . Id. at 422 (emphasis added).

The Restatement (Second) of Torts, sec 518, states, "Except for animal trespass, one who possesses or harbors a domestic animal that he does not know or have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal if, but only if, (a) he intentionally causes the animal to do the harm, or (b) he is negligent in failing to prevent the harm.

Plaintiffs often cite to Miller v. Hurst, 302 Pa. Super. 235, 448 A.2d 614 (1982), where the Pennsylvania Superior Court had held that an unexcused violation of the dog law was negligence per se.  However, in Villaume vs. Kaufman, 379 Pa. Super. 561, 550 A.2d

3

793 (1988)., the Pennsylvania Superior Court explained that **the Miller holding did not "impose absolute liability upon dog owners whose dog is unrestrained despite their exercise of due care."** Id. (emphasis added).  The Villaume court, citing Miller, held that a mere violation of the dog law does not establish the causation factor required for finding liability; "where proof of negligence rest upon a violation of the dog law, liability does not attach unless the violation is a substantial factor in bringing about the injury sustained."

In Underwood vs. Wind, et. al., 2008 Pa. Super. 158, 954 A.2d 1199 (2008), the court noted that the Pennsylvania courts have held that "**we are convinced that proof of negligence, in contrast to holding one absolutely liable, is the vehicle by which accountability for injury sustained because of a dog bite is to be established.**" (emphasis added) *citing* McCloud vs. McLaughlin, 2003 Pa. Super. 451, 837 A2d 541, 544, (2003), *quoting* Deardorff vs. Burger, 414 Pa. Super 45, 606 A2d 489, 493 (1992) *appeal denied*, 532 Pa. 655, 615 A. 2d 1312 (1992).

There is no strict liability as Plaintiff asserts.  He must first establish a violation of the Dog Law which classifies dogs into the category of "dangerous" and "other" dogs.  The Pennsylvania Dog Law defines a dangerous dog as one that has:

> Injured a person on either public or private property; or,
>
> Killed or injured another domestic animal without provocation while off the owner's property; or,
>
> Attacked a person without provocation; or,
>
> Been used in the commission of a crime.

4

> And:
>
> Has a history of attacking human beings or animals without provocation; or,
>
> A propensity to attack without provocation.

<u>Commonwealth v. Bender</u>, 27 Pa. D&C 4th 153 (1994) *citing* §502-A of the Pennsylvania Dog Law.

If a party cannot establish the above, then the dog does not fit into the dangerous category and would be classified as an "other" dog. The Pennsylvania Dog Law as it pertains to other dogs, states that even non-dangerous dogs must be:

> Confined within the premises of the owner; or,
>
> Firmly secured by means of a collar and chain or other device so that it cannot stray beyond the property on which it is secured; or,
>
> Under the reasonable control of some person.

<u>Commonwealth v. Orton</u>, 75 Pa. D&C 2nd 661 (1976) *citing* §702 of the Pennsylvania Dog Law.

## IV.     **CONCLUSION**

Plaintiff has not established a violation of the Dog Law and there is no strict liability as Plaintiff asserts. The facts of record do not indicate that the Defendant had a dog which fits into the "dangerous" category. Therefore, Plaintiff has not established violations of the Dog Law as it applies to "other" dogs. Regardless of these facts, no strict liability attaches as the courts have consistently held.

WHEREFORE, Defendant requests that the court recognize the holdings of the Pennsylvania courts on this issue as referenced herein, *supra.*

Respectfully submitted,

                                        **MARSHALL DENNEHEY**
                                        WARNER COLEMAN & GOGGIN

*/s/ John T. McGrath*
By:_____

                                        John T. McGrath, Esquire
                                        Attorney I.D. No:  PA 77680
                                        Michael J. Connolly, Esquire
                                        Attorney I.D. No:  PA 308683
                                        P.O. Box 3118
                                        Scranton, PA  18505-3118
                                        (570) 496-4600

LEGAL/104431759.v1

## **CERTIFICATE OF SERVICE**

I, John T. McGrath, Esquire, do hereby certify that a true and correct copy of the foregoing Brief in Support of Pennsylvania Dog Law was served upon all parties by electronic filing on the 24th day of March, 2016 at the following addresses:

K. Clancy Boylan, Esquire
Fellerman & Ciarimboli Law
183 Market Street
Suite 200
Kingston, PA 18704

Respectfully submitted,

                                  **MARSHALL DENNEHEY**
                                  WARNER COLEMAN & GOGGIN

*/s/ John T. McGrath*
By:_____

                                  John T. McGrath, Esquire
                                  Attorney I.D. No: PA 77680
                                  Michael J. Connolly, Esquire
                                  Attorney I.D. No: PA 308683
                                  P.O. Box 3118
                                  Scranton, PA 18505-3118
                                  (570) 496-4600