# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G.T.R. minor, by and through her father, Michael Rose, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH DICANDIA,<br><br>Defendant. | CIVIL ACTION NO. 3:15-CV-02126<br><br>(MEHALCHICK, M.J.) |

## MEMORANDUM

Before the Court is a motion for summary judgment filed by the Plaintiffs, seeking redress for the injuries suffered by G.T.R. inflicted by Defendant's dog, Jax. (Doc. 26).

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

On December 7, 2014, Plaintiff Jennifer Rose, along with her daughter, went to visit Jennifer's sister, Kimberly DiCandia, and Kimberly's husband, Joseph, the Defendant in this matter. The adults and children were scattered throughout the house, with Jennifer Rose and the Defendant watching a movie in the same room as the children and the Defendant's two dogs. (Doc. 29-1, at 16). The Defendant's two dogs were playing, while the children played

---

[1] As noted by the Defendants in their brief in opposition, Plaintiff's did not file a statement of material facts, as required by Local Rule 56.1. Even without this submission, it is apparent that the facts are mostly uncontested. In considering a motion for summary judgment, a court credits the facts in the light most favorable to the non-moving party. The facts contained herein are thus gleaned from the deposition testimony of the Defendant, Joseph DiCandria, with the Plaintiffs' testimony included where necessary.

separately but nearby.[2] (Doc. 29-1, at 18). Plaintiff G.T.R. moved around Jax towards her mother, and in the course of these movements, Jax bit G.T.R. on her face. (Doc. 29-1, at 18). In the course of discovery, each of the parties, as well as Kimberly DiCandia, have testified that they did not see the incident take place. (Doc. 29-1, at 18-19; Doc. 29-2, at 10; Doc. 29-3, at 12; Doc. 28-2, at 4).

Jennifer Rose and Kimberly DiCandia transported G.T.R. to Pocono Medical Center for emergency treatment, where G.T.R. received stitches and was released. (Doc. 29-3, at 13-15). The Roses have since taken her for follow ups with physicians and cosmetic surgeons. (Doc. 29-3, at 20). After the incident, Jennifer Rose, through her son, learned that the Defendant's daughter had also had an incident with Jax (Doc. 29-3, at 24-26), which the Defendant describes as a "nip" due to his daughter's repeated pulling of Jax's tail, despite the Defendant's warnings. (Doc. 29-1, at 11). Jax's nip did not break the skin (Doc. 29-1, at 11), although Jennifer Rose states the Defendant's daughter showed Rose bumpy sores that resulted from the bite. (Doc. 29-3, at 25-26).

The Plaintiffs filed the instant action on November 15, 2015. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).[3] The complaint alleges that the Defendant failed his duty of care by allowing a dangerous dog to roam the property free of restraint, in violation of Pennsylvania's Dog Law. (Doc. 1, at 3). The Plaintiffs further assert that the

---

[2] The Plaintiffs state that Jax was lying quietly at Jennifer Rose's feet. (Doc. 29-3, at 11).
[3] The Roses live in Ohio, while the DiCandias live in Pennsylvania.

Defendant should have known of Jax's violent propensities, and thus were negligent in allowing Jax to roam free, which allowed Jax to attack G.T.R. (Doc. 1, at 3). The Plaintiffs seek monetary damages for the medical care and treatment of G.T.R., as well as her pain, suffering, and diminished ability to enjoy life's pleasures. (Doc. 1, at 4).

On February 18, 2016, all parties returned consent to proceed before the undersigned. (Doc. 13). On November 9, 2016, the Plaintiffs filed the instant motion for summary judgment. (Doc. 26; Doc. 28). Defendant filed a brief in opposition on November 21, 2016. (Doc. 29). The motion fully briefed is now ripe for review.

## II. MOTION FOR SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In making this

determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III.  DISCUSSION

In support of their motion for summary judgment, the Plaintiffs argue that no genuine dispute of material fact exists and the elements for establishing negligence *per se* under Pennsylvania's Dog Law[4] are met. (Doc. 8, at 4). The Defendant argues Plaintiff's theory is more akin to strict liability as opposed to negligence *per se*, and that genuine disputes still exist. (Doc. 29, at 3). According to the Defendant, the Plaintiffs have not proven the attack was unprovoked, and that the Defendant did not have reason to know of any vicious tendencies by Jax. (Doc. 29, at 5).

"Generally, it is the animal's owner that is responsible for injuries to others caused by his or her pet." *Dick v. Detwiler*, 7 Pa. D. & C.4th 629, 631 (Blair County C.C.P. 1990) (citing *Miller v. Hurst,* 448 A.2d 614 (Pa. Super. Ct. 1982) *superseded on other grounds as recognized in Billig v.*

---

[4] 3 Pa. C.S.A. §§ 459-101-1205.

*Skvarla*, 853 A.2d 1042, 1046-48 (Pa. Super. Ct. 2004); *Villaume v. Kaufman,* 550 A.2d 793 (1988)). However, "Pennsylvania . . . does not impose absolute liability upon dog owners for injuries occasioned by their dogs. Proof of the owner's negligence is required." *Rosenberry v. Evans*, 48 A.3d 1255, 1258 (Pa. Super. Ct. 2012) (citing *McCloud v. McLaughlin*, 837 A.2d 541 (Pa. Super. Ct. 2003)). In other words, "'proof of negligence, in contrast to holding one absolutely liable, is the vehicle by which accountability for injury sustained because of a dog bite is to be established.'" *McCloud*, 837 A.2d at 544 (quoting *Deardorff v. Burger*, 606 A.2d 489, 493 (Pa. Super. Ct. 1992)).

> In order to state a claim based on negligence *per se*, four requirements must be met:
>
> (1) The purpose of the statute must be, at least in part, to protect the interest of a group of individuals, as opposed to the public generally; (2) The statute or regulation must clearly apply to the conduct of the defendant; (3) The defendant must violate the statute or regulation; (4) The violation of the statute or regulation must be the proximate cause of the plaintiff's injuries.
>
> *Mahan v. Am-Gard, Inc.*, 841 A.2d 1052, 1058-59 (Pa. Super. Ct. 2003) (citations and quotations omitted); *see also Roth v. Cabot Oil & Gas Corp.*, 919 F. Supp. 2d 476, 488 (M.D. Pa. 2013).

"The concept of 'negligence *per se*' establishes the elements of duty and breach of duty where an individual violates an applicable statute, ordinance, or regulation designed to prevent a public harm." *Mahan*, 841 A.2d at 1058 (citing *J.E.J. v. Tri-County Big Brothers/Big Sisters*, 692 A.2d 582, 585 (Pa. Super. Ct. 1997)). The Dog Law was enacted "to protect the public from personal injury, property damage, and other hazards created by roving dogs." *Deardorff*, 606 A.2d at 492. Further, the Dog Law applies to the Defendant as the uncontroverted owner of Jax. (Doc. 29-1, at 5).

The Plaintiffs assert that the Defendant violated the Dog Law by harboring a dangerous dog in violation of § 459-502-A. Section 459-502-A reads in the relevant portions:

> Any person who has been attacked by one or more dogs, or anyone on behalf of the person . . . injured without provocation . . . may file a complaint before a magisterial district judge, charging the owner or keeper of the a dog with harboring a dangerous dog. The owner or keeper of the dog shall be guilty of the summary offense of harboring a dangerous dog if the magisterial district judge finds beyond a reasonable doubt that . . . [t]he dog has . . . [i]nflicted severe injury on a human being without provocation on public or private property [or] [a]ttacked a human being without provocation.
>
> 3 Pa. C.S.A. § 459-502-A(a)(1)(i)-(iii).

Further, the dog may be deemed a dangerous dog for the purposes of the statute if they exhibit a history of attacking human beings without provocation, or a propensity to attack human beings without provocation. 3 Pa. C.S.A. § 459-502-A(a)(2)(i)-(ii). Such propensity may be proven by a single incident. 3 Pa. C.S.A. § 459-502-A(a)(2)(ii). The Plaintiffs point to deposition testimony to support the severity of the victim's injuries, however the Defendant chooses not to address those arguments, focusing on Plaintiff's more expounded arguments on the provocation requirements under the Dog Law.

Plaintiffs argue that as Defendant cannot prove the attack was provoked, that the attack must have been unprovoked, rendering summary judgment appropriate. (Doc. 28, at 6). The Defendant characterizes this logic as "inconsistent," given that there is no evidence to prove the converse – that Jax was not provoked. (Doc. 29, at 6). As the standards for ruling on a motion for summary judgment require the Court to credit the facts in the light most favorable to the non-moving party, the Court cannot credit Plaintiff's position that Jax was not provoked, even without conclusive evidence to the contrary.

Plaintiffs further argue that Jax's propensity to attack human beings can be proven by the incident itself, or in conjunction with his nip of the Defendant's daughter the day before. (Doc. 28, at 7). While a single incident can prove a propensity to attack human beings, "a mere violation of the Dog Law does not establish the causation factor required for a finding of liability." *Underwood ex rel. Underwood v. Wind*, 954 A.2d 1199, 1205 (Pa. Super. Ct. 2008). Instead, "[w]here proof of negligence rests upon a violation of the Dog Law, liability does not attach unless the violation is a substantial factor in bringing about the injuries sustained." *Miller v. Hurst*, 448 A.2d 614, 619 (Pa. Super. Ct. 1982). "Whether a party's conduct has been a substantial factor in causing injury to another is ordinarily a question of fact for the jury, and may be removed from the jury's consideration only where it is clear that reasonable minds cannot differ on the issue." *Mangino v. Cowher*, 13 Pa. D. & C.5th 427, 432 (Lawrence County C.C.P. 2010) (quoting *Vernon v. Stash*, 532 A.2d 441, 446 (Pa. Super. Ct. 1987)). Only "an unexcused violation of the Dog Law is negligence *per se*." *Miller*, 448 A.2d at 618-19; *see also Villaume v. Kaufman,* 550 A.2d 793, 795 (Pa. Super. Ct. 1988).

Section 502-A has been deemed "an appropriate standard for determining whether a person has complied with the common-law duty to exercise ordinary care, and a violation of said statute constitutes negligence *per se*." *Rosen ex rel. Rosen v. Tate*, 64 Pa. D. & C.4th 524, 530-31 (Lehigh County C.C.P. 2003); *see also Mangino,* 13 Pa. D. & C.5th 427 (allowing plaintiffs to demonstrate prima facie evidence of negligence *per se* based on a purported violation of section 502-A and where evidence was presented that dog had pursued the plaintiff and attempted to pursue others on different occasions); *Harrison v. Haueisen*, No. 14-02685, 2015 WL 1958284 (Lycoming County C.C.P. April 2, 2015); *but see Kormos v. Urban*, No. GD 03-25548, 2005 WL

3970805, at *3 (Allegheny County C.C.P. Sept. 15, 2005), *aff'd*, 911 A.2d 193 (Pa. Super. Ct. 2006) (stating that the text of section 502-A "itself reveals that it was not meant to be the basis of a civil lawsuit"). But a violation, in and of itself is not enough. The court in *Rosen* noted that:

> the statutory language does not provide that a single incident of attacking a human being proves a propensity to attack, only that it *may* prove such propensity. It appears that a plaintiff may prove a cause of action by establishing the facts of a single incident, but a defendant will have the opportunity, and burden, of proving that such incident does not rise to a determination of a "propensity" to attack. It is axiomatic that such determination will be left for the trier of fact.

*Rosen*, 64 Pa. D. & C.4th at 531-32.

In order to demonstrate that the violation of section 502-A was a substantial factor in the bringing about the injuries complained of, liability for negligence *per se* must be based on "an owner's knowledge of his dog's viciousness and his failure then to take proper steps to prevent that viciousness displaying itself to the hurt of human beings." *Deardoff v. Burger*, 606 A.2d 489, 492 (Pa. Super. Ct. 1992) (citing *Andrews v. Smith*, 188 A. 146, 148 (Pa. 1936)). The Plaintiffs must demonstrate that Jax had vicious or dangerous propensities and that the Defendant was aware of those propensities and failed to take adequate precautionary measures.

Pennsylvania law provides that "that the owner of a dog is not responsible for the consequences of his dog's actions if he has no reason to know of the viciousness or dangerous propensities of the dog beforehand." *Fenlon v. James*, 7 Pa. D. & C.5th 440, 443 (Monroe County C.C.P. 2008) (citing *Snyder v. Milton Auto Parts Inc.*, 428 A.2d 186, 187 (Pa. Super. Ct. 1981)). "A reasonable jury need only be able to arrive at reasonable inferences that the animal was likely to commit the act of the kind complained of." *Fenlon*, 7 Pa. D. & C.5th at 443 (citing *Andrews v. Smith*, 188 A. 146 (1936)). An owner cannot be held liable for injuries

caused by his or her dog "unless the owner had knowledge of the animal's dangerous propensities and failed to take proper steps to prevent the animal from harming people." *Mangino,* 13 Pa. D. & C.5th at 442 (*citing Andrews,* 188 A. at 148). Certainly, this knowledge is still a question of material fact, as the Defendant specifically denies Jax ever exhibiting aggressive behavior prior to biting the victim. (Doc. 29-1, at 20). The Plaintiffs' reliance on the incident in question, or the prior day's provoked "nip," while potentially satisfying the propensity requirements of the Dog Law, does not demonstrate as a matter of law that Jax had dangerous or vicious propensities that the Defendant was aware of. Therefore, it is up to a jury to determine if Jax exhibited dangerous or vicious propensities, and if so, if the Defendant knew or should have known thereof and failed to exercise due care. *See Mangino,* 13 Pa. D. & C.5th 427.

Under the standard for negligence *per se,* there remains a question of material fact with regard to whether 502-A was violated, and, if so, whether the Defendant possessed knowledge rendering the violation a substantial factor in bringing about the Plaintiff's injuries. Accordingly, the Plaintiffs' motion for summary judgment (Doc. 26) should be **DENIED**.

An appropriate Order follows.

**Dated: June 7, 2017**
*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**